UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COOMPORN SRIPIROM,

                               Plaintiff,

    -v.-                                                   1:19-CV-317
                                                                       (MAD/ATB)
RIVERS CASINO AND RESORT

                              Defendants.

COOMPORN SRIPIROM, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

Plaintiff filed this complaint on March 13, 2019, together with an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 1, 2, 4). Plaintiff filed his complaint on a form which is used for claims under 42 U.S.C. § 1983. (Dkt. No. 1). The Clerk provided plaintiff with the Pro Se Handbook and explained its use. (Dkt. No. 3). At that time, the Clerk also sent the complaint to me for initial review.

On April 1, 2019, I issued an Order, granting IFP, but explaining to the plaintiff that, based on the complaint as written, I would be constrained to recommend dismissal. (Dkt. No. 6). In that Order, I also denied plaintiff's motion for appointment of counsel without prejudice as premature. (Dkt. No. 6 at 7-10). Because plaintiff appeared to be attempting to make some form of employment claim,[1] instead of recommending dismissal of the complaint, I directed the Clerk to send plaintiff copies of various

---

[1] Plaintiff submitted a "Right-to-Sue" letter that was issued by the EEOC. (Dkt. No. 1 at CM/ECF p.5). Although the the Right-to-Sue letter alerted the court that plaintiff might be attempting to bring an employment case, the letter gave no factual basis for the plaintiff's employment claim. (*Id.*)

employment discrimination complaint forms so that he could amend his complaint in an effort to state a claim. (Dkt. No. 6 at 5-6). I also gave plaintiff the contact information for the Northern District of New York Pro Se Assistance Program so that he could obtain some assistance completing the appropriate form. (Dkt. No. 6 at 6, 9-10).

Unfortunately, by the time that the court mailed my order[2] and the complaint forms, plaintiff was no longer at the address that he provided to the court, and the mail was returned to the court as "undeliverable." (Dkt. No. 7). The envelope indicates that the Post Office was "unable to forward," and there is a handwritten notation on the envelope stating that plaintiff "does not live @ this address." (*Id.*) Thus, it is clear that plaintiff never saw this court's order, and re-sending the materials to an address at which the court knows that plaintiff no longer lives will only cause more delay.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, No. 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

"The demand that plaintiffs provide contact information ***is no esoteric rule of***

---

[2] The Clerk sent the documents promptly. They were sent the same day that I issued my Order. (Clerk's Notation dated April 1, 2019).

2

*civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.*" *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

Although the court could recommend dismissal of plaintiff's complaint based only on his failure to inform the court of his address, I will also proceed to consider the merits as I did in my original Order, to which I refer for the background and legal standards surrounding this decision. (Dkt. No. 6).

I. **Section 1983**

   A. **Legal Standards**

As I stated in my order, in order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  The law does *not* reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)).

   B. **Application**

When I reviewed the plaintiff's original pleading I determined that it did not state

a claim under section 1983 because the defendant Casino does not act under color of state law. (Dkt. No. 6 at 4). Thus, there is no subject matter jurisdiction under section 1983.

## II.  Employment Discrimination

### A.  Legal Standards

In order to state a claim for some type of employment discrimination, plaintiff must allege that he was in a protected class, he was qualified for the job, he suffered an adverse employment action, and that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.[3] *See Woodman v. WWOR TV*, 411 F.3d 69, 76 (2d Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (burden shifting analysis for Title VII claims based on race, religion, nationality, sex, or pregnancy); *Roge v. NYP Holdings*, 257 F.3d 164, 168 (2d Cir. 2001) (applying *McDonnell Douglas* burden shifting analysis to age discrimination claims).

### B.  Application

In his complaint, plaintiff alleged only section 1983 as a basis for jurisdiction. But because of the liberality with which pro se complaints are treated, in my April 1, 2019 Order, I attempted to determine what bases for jurisdiction the plaintiff could be attempting to assert. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se

---

[3] In addition to Title VII cited above, there are statutes which protect against discrimination based on age and disability. *See* Age Discrimination in Employment Act, 29 U.S.C. § 626(c)(1); Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. This does not purport to be a complete list of statutes which prohibit discrimination. However, these statutes are often the bases for federal actions.

pleadings must be read to raise the strongest arguments that they suggest). The plaintiff simply alleged that he was fired because he used a bad word with a co-worker, but only plaintiff was fired in connection with the incident. Plaintiff stated that his firing was "not fair." This general language does not state any employment discrimination claim. Plaintiff does not allege that he is a member of a protected class. Although plaintiff alleges that he suffered adverse employment action because he was terminated, he does not even address any of the other factors. His Right-to-Sue letter does not contain any information about the basis of his claim to the EEOC.

This court still has no way of knowing upon what basis plaintiff claimed that he was terminated. In fact, plaintiff actually states that he used bad words with another employee,[4] and he was later told when he went to apply for unemployment benefits that his conduct was unprofessional. (Compl. ¶ 4). Plaintiff states that "I understand I loose [sic] control, but they don't give me the chance." (*Id.*) Plaintiff states that his employer should not have fired him, rather, "they" should have suspended him, written him up, or warned him. (Compl. ¶ 5) (First Cause of Action). Plaintiff's perception that the employer was "unfair" because plaintiff was not given a chance to explain does not state any form of discrimination. Thus, this court will recommend dismissal.

**WHEREFORE**, based on the findings above and the findings contained in my April 1, 2019 Order (Dkt. No. 4), it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and because he has failed to update

---

[4] Plaintiff states "I am say [sic] the bad word on the floor with co-worker[,] and only me [sic] get fireed [sic]" (Compl. ¶ 4).

his address with the court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 29, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge