**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**COOMPORN SRIPIROM,**

                           **Plaintiff,**

    **vs.**                                                        **1:19-cv-317**
                                                                      **(MAD/ATB)**

**RIVERS CASINO AND RESORT,**

                           **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**COOMPORN SRIPIROM**
2115 Central Avenue, Apt. 2A
Schenectady, New York 12304
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Coomporn Sripirom commenced this action *pro se* on March 13, 2019, by filing a 42 U.S.C. § 1983 form complaint. *See* Dkt. No. 1. Magistrate Judge Andrew T. Baxter reviewed the complaint and concluded that Plaintiff may have also been attempting to interpose an employment discrimination claim against Defendant Rivers Casino and Resort. *See* Dkt. No. 8 at 1. Magistrate Judge Baxter directed the Clerk to send Plaintiff materials to amend the complaint to state such a claim, along with an Order granting Plaintiff's request to proceed *in forma pauperis* ("IFP") and denying Plaintiff's request for court-appointed counsel. *See id.* at 1-2. That correspondence was returned undeliverable. *See id.* at 2. Now before the Court is Magistrate Judge Baxter's August 29, 2019, Report-Recommendation in which it is recommended that the

Court dismiss Plaintiff's complaint without prejudice for lack of subject-matter jurisdiction and due to his failure to update his address with the Court. *See id.* at 5-6.

## II. BACKGROUND

In his complaint, Plaintiff alleges that Defendant unfairly fired him for saying a "bad word" while at work. *See* Dkt. No. 1 at 2. Plaintiff states that at the time of the alleged incident, he had been with a coworker whom Defendant did not terminate. *See id.* Plaintiff then went to collect unemployment and was denied. *See id.* Plaintiff became upset, forcing Defendant to call security. *See id.* Plaintiff's causes of action are 1) that he was unfairly terminated, 2) that he was denied unemployment when he was terminated, and 3) that he will suffer because of the loss of his full time job. *See id.* at 3. Plaintiff seeks relief in the form of lost wages and income. *See id.* at 4.

In his April 1, 2019, Decision and Order, Magistrate Judge Baxter granted Plaintiff permission to proceed IFP, but denied Plaintiff's request for court-appointed counsel as premature. *See* Dkt. No. 6 at 8-9. Because Magistrate Judge Baxter granted Plaintiff IFP status, he was compelled to consider the sufficiency of Plaintiff's complaint under 28 U.S.C. § 1915(e). *See id.* at 3. Magistrate Judge Baxter found that Plaintiff's complaint did not state a 42 U.S.C. § 1983 ("Section 1983") or employment discrimination claim. *See* Dkt. No. 6 at 4-6. Magistrate Judge Baxter sent to Plaintiff forms for complaints under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act; referred Plaintiff to the *Pro Se* Assistance Program; and gave Plaintiff forty-five days to amend his complaint. *Id.* at 9. The Clerk of the Court mailed the forms with Magistrate Judge Baxter's Order on the same day the Order was issued, but all were returned undeliverable. *See* Dkt. No. 8 at 2 & n.2.

Magistrate Judge Baxter issued his Report-Recommendation on August 29, 2019, finding that Plaintiff's failure to maintain a current address violates Rule 41(b) of the Federal Rules of Civil Procedure and Local Rules 10.1(b) and 41.2(b), and thus militates in favor of dismissal. *See* Dkt. No. 8 at 2-3. Magistrate Judge Baxter further recommended dismissal of the Section 1983 claim for lack of subject-matter jurisdiction because the claim involves private conduct, which Section 1983 does not reach. *See id.* at 3. Finally, Magistrate Judge Baxter found that Plaintiff did not allege facts related to three out of four elements of an employment discrimination claim, and recommended dismissal. *See id.* at 5. Neither party has lodged objections to Magistrate Judge Baxter's Report-Recommendation within the statutory fourteen-day period.

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any

3

purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Magistrate Judge Baxter's Report-Recommendation adequately notifies the parties of the deadline for the filing of objections and the waiver of appellate review that failure to file brings. *See* Dkt. No. 8 at 6. As neither litigant filed objections, the Court reviews Magistrate Judge Baxter's Report-Recommendation for clear error.

**B.     Dismissal for Failure to Update Address**

A court may dismiss an action or claim for failure to prosecute or for failure to comply with a court order or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). The Local Rules of the Northern District of New York require *pro se* litigants to inform the Court immediately of any change of address, and authorize dismissal of an action for failing to do so. *See* N.D.N.Y. L.R. 10(c)(2), 41.2(b).

Since the return of the employment discrimination complaint forms and IFP Order strongly suggests Plaintiff moved without leaving a forwarding address with the Court, Magistrate Judge Baxter did not clearly err in recommending dismissal of this action without prejudice for violation of the Local Rules.

4

## C. Dismissal of Section 1983 Claim for Lack of Subject-Matter Jurisdiction

Section 1983 authorizes a right of action against a defendant who under color of state law violates a plaintiff's rights, privileges, or immunities secured by federal statute or the U.S. Constitution. *See* 42 U.S.C. § 1983 (2012); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "[M]erely private conduct, no matter how discriminatory or wrongful," falls outside the scope of Section 1983. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1005 (1982)).

Generally, district courts have original jurisdiction over Section 1983 claims. *See* 42 U.S.C. § 1343(a). However, where the complaint fails to allege that the defendant acted under color of state law, the court lacks subject-matter jurisdiction over the claim. *See Polk County v. Dodson*, 454 U.S. 312, 336 (1981).

Here, Defendant is a private entity alleged to have terminated Plaintiff's private employment, which is a claim "manifestly devoid of merit" under Section 1983's under color of state law requirement. Thus, Magistrate Judge Baxter did not err in his review of Plaintiff's complaint and the Court accepts his recommendation to dismiss Plaintiff's Section 1983 action without prejudice for lack of subject-matter jurisdiction.

## D. Employment Discrimination

Generally, to satisfactorily plead a claim of employment discrimination under Title VII, "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

In the present matter, Magistrate Judge Baxter did not err in finding that Plaintiff's liberally construed complaint does not sufficiently plead an employment discrimination cause of action. While the complaint mentions disparate treatment, the best that can be plausibly gleaned from the pleading is that Plaintiff was terminated for swearing at work, Plaintiff thinks he should have faced some lesser sanction than termination for that behavior, and that Plaintiff's coworker was not terminated despite possibly committing the same violation. Those facts alone do not plausibly allege all of the elements of an employment discrimination claim. As such, Magistrate Judge Baxter correctly determined that, to the extent Plaintiff is attempting to bring an employment discrimination claim under Title VII, the claim must be dismissed.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 8) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 10, 2019
    Albany, New York

*Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge